UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**SUSAN D. TORRES,**

    **Plaintiff,**

v.                                                                                                               Case No: 5:17-cv-285-Oc-18PRL

**COMMISSIONER OF SOCIAL**
**SECURITY**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying her application for Disability Insurance Benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, I submit that the Commissioner's decision should be affirmed.

**I.**     **BACKGROUND**

On October 3, 2013, Plaintiff filed an application for DIB benefits, alleging disability beginning August 20, 2013. (Tr. 145-46). The claim was denied initially, and upon reconsideration. At Plaintiff's request, a hearing was held on March 15, 2016, where both the Plaintiff, who was represented by counsel, and an impartial vocational expert, testified. (Tr. 31-51). On June 17, 2016 the Administrative Law Judge (ALJ) issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 14-23). Plaintiff's request for review was denied by the Appeals Council (Tr. 1-6), and Plaintiff initiated this action on June 26, 2017. (Doc. 1). Plaintiff has exhausted her

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: rheumatoid arthritis, status post cervical spinal fusion, and obesity. (Tr. 16).

The ALJ found that the Plaintiff had the residual functional capacity to perform sedentary work, except that she cannot climb ladders, ropes, or scaffolds; she can frequently climb ramps and stairs; she can frequently crouch as well as frequently handle and finger; she must avoid concentrated exposure to cold and humidity; and she cannot work near workplace hazards such as unprotected heights or dangerous machinery. (Tr. 19-20).

Based upon this RFC, the ALJ found that Plaintiff can perform past relevant work as a customer service manager. (Tr. 23). The ALJ found that such work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 23). Accordingly, the ALJ determined that Plaintiff is not disabled.

**II.   STANDARD OF REVIEW**

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

### III.   DISCUSSION

On appeal, Plaintiff argues that the ALJ failed to properly consider her fibromyalgia. There is no dispute that the word "fibromyalgia" does not appear in the ALJ's decision. However, there also is no dispute that Plaintiff did not allege fibromyalgia as a basis for her alleged disability (Tr. 179, 242, 280), and that at the administrative hearing (where she appeared with counsel), Plaintiff did not testify that she had any work-related limitations due to fibromyalgia. (Tr. 32-51). And then, Plaintiff failed to mention fibromyalgia in her brief to the Appeals Council. (Tr. 307-11). Under these circumstances, the ALJ was under no obligation to specifically address Plaintiff's fibromyalgia in his decision. *See e.g., Robinson v. Astrue,* 365 F. App'x 993, 995 (11th Cir. 2010)

(holding ALJ had no duty to consider claimant's chronic fatigue syndrome diagnosis where claimant was represented at hearing and did not allege that she was disabled due to chronic fatigue syndrome when she filed her claim or at her hearing); *Street v. Barnhart,* 133 F. App'x 621, 627 (11th Cir. 2005) (noting claimant did not raise mental health issues as a basis for disability, and "this failure alone could dispose of his claim, as it has been persuasively held that an 'administrative law judge is under no obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability'").

      Even so, after reviewing the ALJ's decision, I submit that he considered Plaintiff's medical condition as a whole, and that his decision is supported by substantial evidence. Indeed, in his RFC determination, the ALJ relied upon objective medical testing and imaging, physical examination findings, the opinion of Plaintiff's examining physician, and Plaintiff's self-reported daily activities. (Tr. 19-23). Plaintiff has not specifically challenged the ALJ's consideration of **any** of the record evidence, and thus, has waived any such arguments. Instead, Plaintiff simply points to her diagnosis of fibromyalgia without explaining how it caused additional or disabling limitations. However, the mere existence of fibromyalgia does not reveal the extent to which it limits Plaintiff's ability to work, nor does it undermine the ALJ's determination in that regard. *See Moore v. Barnhart*, 405 F.3d 1208, 1213, n.6 (11th Cir. 2005).

      To the extent Plaintiff is arguing that the ALJ had a duty to further develop the record regarding fibromyalgia, that argument fails. While the ALJ has a duty to develop a full and fair record, there must be a showing of prejudice before the Court will remand for further development of the record. *Robinson,* 365 F. App'x at 995 (citing *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995)). Here, because Plaintiff has not identified any additional limitations caused by her

fibromyalgia, she has not shown any prejudice resulting from any failure by the ALJ to specifically discuss her fibromyalgia diagnosis. *Id.* at 996.

## IV. RECOMMENDATION

For the reasons stated above, it is **RECOMMENDED** that the ALJ'S decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

**DONE and ENTERED** in Ocala, Florida on December 3, 2018.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties